# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANTHONY DARENSBOURG**                    **CIVIL ACTION**

**versus**                                            **NO. 12-1414**

**STEVE RADER, WARDEN**                    **SECTION: "E" (1)**

## REPORT AND RECOMMENDATION

      This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

      Petitioner, Anthony Darensbourg, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana.  On August 14, 2003, he was convicted of distribution of cocaine under Louisiana law.[1]  On October 8, 2003, he was sentenced to a term of twenty years

---

[1] State Rec., Vol. II of V, transcript of August 14, 2003, p. 46; State Rec., Vol. I of V, minute entry dated August 14, 2003.

imprisonment without benefit of parole, probation, or suspension of sentence.[2] On March 30, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed that conviction, held that the sentence was illegal, and remanded the matter for resentencing.[3] On May 12, 2004, petitioner was resentenced to a term of twenty years imprisonment with only the first two years of that sentence to be served without benefit of parole, probation, or suspension of sentence.[4] However, on May 27, 2004, he was adjudicated a third offender and was resentenced yet again, this time to a term of twenty-four years imprisonment without benefit of probation or suspension of sentence.[5]

---

[2] State Rec., Vol. II of V, transcript of October 8, 2003; State Rec., Vol. I of V, minute entry dated October 8, 2003.

[3] State v. Darensbourg, 871 So.2d 533 (La. 2004) (No. 03-KA-1468); State Rec., Vol. I of V.

[4] State Rec., Vol. III of V, transcript of May 12, 2004; State Rec., Vol. I of V, minute entry dated May 12, 2004.

[5] State Rec., Vol. III of V, transcript of May 27, 2004; State Rec., Vol. I of V, minute entries dated May 27, 2004.

The Court notes that, on September 22, 2004, petitioner also pleaded guilty to possession with intent to distribute counterfeit cocaine and was sentenced to a concurrent term of one year imprisonment. State Rec., Vol. I of V, minute entry September 22, 2004; State Rec., Vol. III of V, guilty plea form. Petitioner does not appear to be challenging that conviction in this proceeding, because his instant claims concern only his other conviction. However, in any event, the Court lacks jurisdiction to entertain any challenge to the September 22 conviction. Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). Because the sentence relating to September 22 conviction expired many years ago, it is no longer subject to challenge in federal court. Moreover, even if the Court had jurisdiction to entertain a challenge to that conviction, any such challenge would be time-barred under 28 U.S.C. § 2244(d)(1).

On or after December 2, 2005, petitioner filed an application for post-conviction relief with the state district court.[6]  On February 15, 2006, that application was granted in part and denied in part, with petitioner being granted an out-of-time appeal to challenge his multiple offender adjudication and sentence.[7]  Petitioner then filed related writ applications challenging the denial of relief with respect to his other claims; however, the Louisiana Fifth Circuit Court of Appeal denied relief on April 24, 2006,[8] as did the Louisiana Supreme Court on March 23, 2007.[9]  In the interim, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's multiple offender adjudication and sentence on December 27, 2006,[10] and the Louisiana Supreme Court then denied his untimely related writ application on November 9, 2007.[11]

It subsequently came to light that the Louisiana Fifth Court of Appeal had for years used improper procedures for the review and disposition of *pro se* post-conviction applications.  As a result, on or after May 12, 2009, petitioner filed with the Louisiana Supreme Court an original

---

[6] State Rec., Vol. I of V.

[7] State Rec., Vol. I of V, Order dated February 15, 2006.

[8] State v. Darensbourg, No. 06-KH-276 (La. App. 5th Cir. Apr. 24, 2006); State Rec., Vol. I of V.

[9] State *ex rel.* Darensbourg v. State, 951 So.2d 1097 (La. 2007) (No. 2006-KH-1592); State Rec., Vol. IV of V.

[10] State v. Darensbourg, 948 So.2d 1128 (La. App. 5th Cir. 2006) (No. 06-KA-572); State Rec., Vol. V of V.

[11] State *ex rel.* Darensbourg v. State, 967 So.2d 495 (La. 2007) (No. 2007-KH-0317); State Rec., Vol. V of V.

application challenging those procedures.[12]  On September 18, 2009, the Louisiana Supreme Court transferred that application to the Louisiana Fifth Circuit Court of Appeal for consideration pursuant to the procedures set forth in State v. Cordero, 993 So.2d 203 (La. 2008).[13]  The Court of Appeal then denied relief on December 6, 2011,[14] and the Louisiana Supreme Court denied petitioner's related writ application on April 20, 2012.[15]

On May 13, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[16]  The state contends that the federal application is untimely.[17]  The state is correct.

---

[12]  State Rec., Vol. IV of V.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Here, that date cannot be gleaned with certainty from the record; however, because the accompanying writ application filing sheet was signed on May 12, 2009, the application obviously was placed in the mail no earlier than that date.

[13]  State *ex rel.* Darensbourg v. State, 17 So.3d 395 (La. 2009) (No. 2009-KH-1145); State Rec., Vol. IV of V.

[14]  State *ex rel.* Darensbourg v. State, No. 09-WR-830 (La. App. 5th Cir. Dec. 6, 2011); State Rec., Vol. V of V.

[15]  State *ex rel.* Darensbourg v. State, 85 So.3d 1270 (La. 2012) (No. 2012-KP-0120); State Rec., Vol. V of V.

[16]  Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner states that he placed his federal application in the prison mailing system on May 13, 2012.  Rec. Doc. 1, p. 5.
After filing this federal application, petitioner, through counsel, filed a "Motion to Correct Illegal Multiple Bill Sentence" on June 25, 2012.  State Rec., Vol. I of V.  In its response in this proceeding, the state represents that the motion and another motion petitioner filed *pro se* in July of 2012 were denied on August 2, 2012.  Rec. Doc. 13, p. 5.

[17]  Rec. Doc. 13.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[18] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, *this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."*

---

[18] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).  Moreover, under the AEDPA, a state criminal judgment is not final until *both* the petitioner's conviction *and* sentence are final.  See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir.), cert. denied, 132 S. Ct. 763 (2011).

Although petitioner's conviction was affirmed on the first round of direct review, his habitual offender adjudication and enhanced sentence were affirmed later in the second round of direct review.  Specifically, the Louisiana Fifth Circuit Court of Appeal affirmed his multiple offender adjudication and enhanced sentence on December 27, 2006,[19] and the court mailed notice of its judgment on that same date.[20]  As noted, petitioner then had only thirty days to file a writ application with the Louisiana Supreme Court to challenge that judgment.  Because he filed no such application by that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on January 26, 2007.  See id. at 317-18.  The federal limitations period then expired one year later on January 28, 2008,[21] unless that federal deadline was extended through tolling.

---

[19]   State v. Darensbourg, 948 So.2d 1128 (La. App. 5th Cir. 2006) (No. 06-KA-572); State Rec., Vol. V of V.

[20]   State Rec., Vol. III of V, Certificate of Mailing.

[21]   Because January 26, 2008, fell on a Saturday, the federal limitations period was extended through the following Monday, January 28, 2008.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

During petitioner's one-year limitations period, he filed his writ application with the Louisiana Supreme Court in case number 07-KH-317. However, that application, in which he sought review of the Court of Appeal's decision on the second round of direct review, was clearly untimely filed and therefore did not toll the federal limitations period for the following reasons.

As previously noted, federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). While that date cannot be gleaned with certainty from the state court record with respect to the Louisiana Supreme Court writ application, that application was signed by petitioner on February 5, 2007, ten days after the thirty-day state filing deadline expired. Accordingly, the application was obviously given to prison officials for mailing on or after that date of signing, and it was therefore untimely even under the "mailbox rule." See, e.g., Jones v. Sumlin, Civ. Action No. 11-1520, 2011 WL 5509074, at *2 & n.19 (E.D. La. Oct. 19, 2011), adopted, 2011 WL 5508982 (E.D. La. Nov. 9, 2011); Titzer v. Cain, No. 07-4117, 2010 WL 4008351, at *4 n.23 (E.D. La. Aug. 10, 2010), adopted, 2010 WL 4000595 (E.D. La. Oct. 12, 2010); Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010).

The United States Fifth Circuit Court of Appeals has expressly and conclusively held that a petitioner is not entitled to *any* tolling credit under § 2244(d)(2) for an untimely direct-review filing. As the Fifth Circuit explained, "[u]nder that provision it is only state *post-conviction relief proceedings* that cause tolling." Butler, 533 F.3d at 318 (emphasis added). Because petitioner's untimely writ application was filed as part of the *direct review proceedings*, § 2244(d)(2) is simply inapplicable. Allen v. Tanner, Civ. Action Nos. 11-927 and 11-1601, 2011 WL 4344586, at *2 (E.D. La. Aug. 19, 2011), adopted, 2011 WL 4345081 (E.D. La. Sept. 15, 2011).

Because petitioner is not entitled to statutory tolling for the untimely Louisiana Supreme Court writ application, and because he filed no other applications in state court during the one-year limitations period, he clearly is not entitled to any statutory tolling under § 2244(d)(2).[22]

The Court next considers equitable tolling. The United States Supreme Court has held that AEDPA's limitations period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be

---

[22] The Court notes that petitioner subsequently filed an application with the Louisiana Supreme Court in 2009 to challenge the manner in which the Court of Appeal had reviewed *pro se* post-conviction writ applications. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In that petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before January 28, 2008, in order to be timely. Because his federal application was not filed until on May 13, 2012, it is untimely.[23]

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Anthony Darensbourg be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[23] Out of an abundance of caution, the Court notes that even if petitioner's Louisiana Supreme Court writ application had been timely filed in case number 07-KH-317, *which it was not*, petitioner's federal application would *still* be untimely. Under that scenario, petitioner's criminal judgment would have become final on February 7, 2008, ninety days after the Louisiana Supreme Court's ruling. The one-year federal limitations period would then have commenced on that date and then run untolled by any state court filings, expiring on Monday, February 9, 2009, more than three years before the instant federal application was filed.

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this eleventh day of October, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.