# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY DARENSBOURG** | **CIVIL ACTION** |
| **versus** | **NO. 12-1414** |
| **STEVE RADER, WARDEN** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by the Magistrate Judge recommending that Anthony Darensbourg's ("Darensbourg") petition for federal *habeas corpus* relief be dismissed with prejudice as untimely under AEDPA.[1] Darensbourg timely filed an objection to the Magistrate Judge's Report and Recommendation.[2]

The Court, after reviewing the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Darensbourg's objection, finds no error in the Magistrate Judge's conclusion that Darensbourg's federal application for *habeas corpus* relief is untimely and that petitioner has not met the burden of establishing that he is entitled to equitable tolling. The Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion, subject to the following clarifications.

In recommending that Darensbourg's application be dismissed as untimely, the

---

[1] R. Doc. 14; 28 U.S.C.A. § 2244(d)(1).

[2] R. Doc. 15.

Magistrate calculated AEDPA's federal limitations period as commencing 30 days from December 27, 2006, the date the Louisiana Fifth Circuit Court of Appeal mailed notice of its judgment. The Magistrate determined that Darensbourg's writ application to the Louisiana Supreme Court was untimely because it was filed after the 30-day period expired, so his state criminal judgment became final for the purposes of AEDPA on January 26, 2007, and the federal limitations period expired one year later on January 28, 2008.[3] For this reason, the state post-conviction relief proceedings filed by Darensbourg beginning May 12, 2009 did not toll the federal limitations period since the period had already expired. The Magistrate also states in her report that the "petitioner has brought forth no evidence demonstrating that he is entitled to [equitable] tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations."[4] Accordingly, the Magistrate recommends the petition be dismissed with prejudice.

In Darensbourg's objection, he asserts that his writ application to the Louisiana Supreme Court was timely because he filed a motion for an extension of time to file, which was granted by the Louisiana Supreme Court, and he filed the writ application within the extended period.[5] If so, the state criminal judgment was not final until February 8, 2008, after the 90-day period for filing a *writ of certiorari* to the United States Supreme Court

---

[3]R. Doc. 14, p. 6.

[4]R. Doc. 14, p. 9.

[5]R. Doc. 15, p. 1-2 and exhibits (A)-(B).

elapsed.[6] Petitioner then had one year from the date the state criminal judgment became final to file a federal *habeas corpus* petition.

Even considering the later date for the expiration of AEDPA's one-year period for filing a federal *habeas corpus* petition, Darensbourg's petition is still untimely. AEDPA's one-year limitations period would have begun running on February 7, 2008, and the federal application needed to be filed by February 9, 2009.[7] It was not filed until May 13, 2012.[8] The only way Darensbourg's application could be timely, then, is if the federal deadline was extended through tolling. Because Darensbourg's application for state post-conviction relief was not filed until May 19, 2009, more than three months after the AEDPA deadline passed, he is not entitled to statutory tolling under § 2244(d)(2). Additionally, Darensbourg has not met his burden of establishing that he is entitled to equitable tolling, which is only available in rare and exceptional circumstances where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[9]

Accordingly, **IT IS ORDERED** that the federal petition of Anthony Darensbourg for *habeas corpus* relief is **DISMISSED WITH PREJUDICE**.

---

[6] R. Doc. 15, p. 1-2; *see also* R. Doc. 13, p. 14 n.16.

[7] February 7, 2009 falls on a Saturday. Thus, the federal limitations period was extended through Monday, February 9, 2009. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998); Fed.R.Civ.P. 6(a).

[8] R. Doc. 1.

[9] *Holland v. Florida*, 560 U.S. 631, 649 (internal quotation marks omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

**New Orleans, Louisiana, this **__26th__** day of **_____August_____**, 2014.**

```
                    _____Susie Morgan_____
                    SUSIE MORGAN
                    UNITED STATES DISTRICT JUDGE
```